UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-24662-CIV-ALTONAGA/O'Sullivan

**BRADFORD BARFOOT**, *et al.*,

    Plaintiffs,
v.

**DOLGENCORP, LLC**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant, Dolgencorp, LLC's ("Defendant[']s]") Motion to Strike Class Allegations ("Motion to Strike") [ECF No. 19], filed on February 5, 2016.  Earlier this day, Defendant filed a Rule 12(b)(6) Motion to Dismiss . . . ("Motion to Dismiss") [ECF No. 18].  According to Federal Rule of Civil Procedure 12(g)(2), "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2) (alteration added); *see also Chen v. Cayman Arts, Inc.*, No. 10-80236-CIV, 2011 WL 1085646, at * 2 (S.D. Fla. Mar. 21, 2011) ("The Third-Party Defendants contend that Rule 12(g) only limits their 12(b) arguments, and not their Rule 10, 12(e), or 12(f) arguments.  Under the plain language of Rule 12(g), the limitation on further motions applies to 'a motion under this rule.' Fed. R, Civ. P. 12(g)(2).  The rule does not distinguish between sub-parts of Rule 12 . . . ." (alteration added)).  Defendant's Motion to Strike raises defenses and/or objections available to Defendant but omitted from Defendant's Motion to Dismiss.  Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion to Strike **[ECF No. 19]** is **DENIED**.

CASE NO. 15-24662-CIV-ALTONAGA/O'Sullivan

**DONE AND ORDERED** in Miami, Florida, this 5th day of February, 2016.

_____
**CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE**

cc: counsel of record